THE MAYOR AND ALDERMEN OF JERSEY CITY v. JOSEPH KEOGH.

The board of aldermen of Jersey City is the body in which is vested the "general legislative authority" of the city, within the meaning of the act entitled "An act relating to the salaries of aldermen or members of the common council in certain cities," approved February 19th, 1890, and its members are entitled to the annual salary prescribed by that act.

On *certiorari* to the District Court of Jersey City.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiffs in *certiorari, William D. Edwards.*

*Contra, Vredenburgh & Garretson.*

The opinion of the court was delivered by

DEPUE, J. By an act of the legislature passed February 18th, 1890, entitled "An act relating to the salaries of aldermen or members of the common council in certain cities," it was enacted "that where in any city of the first class the general legislative authority is now or hereafter may be vested in a board of aldermen or common council, the members of such board of alderman or common council shall be paid by the city in and for which they serve an annual salary of seven hundred and fifty dollars, payable in monthly installments." *Pamph. L.* 1890, *p.* 13.

Keogh was an alderman from the Fifth district in Jersey City, and a member of the board of aldermen of that city. He sued the city for salary for the months of May, June, July and August, 1890, and recovered a judgment, which is brought under review by this writ of *certiorari.*

Newark and Jersey City are the only cities of the first class in this state. The former has a common council; the latter,

a board of aldermen. In view of the form of municipal government in existence in these two cities at the time the act was passed, it is apparent that the legislature had in contemplation that department of the city government which in Newark is designated as the common council, and in Jersey City the board of aldermen. But it is contended that the descriptive words, "where * * * the general legislative authority is now or hereafter may be vested in a board of aldermen or common council," restrict the operation of the act to the members of the common council of the city of Newark, to the exclusion of the members of the board of aldermen of Jersey City.

In both these cities the board of aldermen and the common council have respectively power to pass ordinances, which implies an act of legislation. An act of parliament is an ordinance, for it sets down orders which are to be kept as laws. *Co. Litt.* 159 *b.* In each city the power conferred is to pass, alter or repeal ordinances to take effect within the city for certain enumerated purposes. In Jersey City this enumeration is embraced in fourteen subdivisions, conferring power by ordinance to license, regulate and prohibit the sale of liquor; to license and regulate certain trades and occupations; to declare and remove nuisances; to prevent animals from running at large; to regulate and control the running of locomotives and railroad cars through the streets; to prohibit interments; to regulate the construction and repair of partition fences and walls; to regulate the use of streets and public places by foot passengers, vehicles, railways and engines, &c., and also to prescribe penalties for the violation of ordinances. *Pamph. L.* 1871, *p.* 1106.

In each of these cities there are boards having exclusive control of certain departments of city affairs, more or less independent of other branches of the city government, with power to make rules and regulations pertaining to the particular department under its control and for the government of its employes. But the existence of these boards, however important their functions and extensive their powers may be,

does not deprive the common council of the one city, or the board of aldermen of the other city, of its character as a department of the city government in which is vested the legislative authority within the city. The members of that body are elected in the several wards or districts into which the city is divided. When assembled in the board, the body of which they are the constituents represents the city. That board has power to legislate on subjects which concern the whole city, and comprehend those matters which are usually delegated to the legislative branch of municipal governments, and its ordinances are laws of binding force co-extensive with the city limits.

We entertain no doubt that the board of aldermen of Jersey City has vested in it the general legislative authority in the city within the meaning of the act of 1890, and that its members are entitled to the benefits of the act equally with the members of the common council of Newark. Any other construction of the act would make it special and local, and, therefore, unconstitutional and void.

The judgment should be, affirmed.